UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERRY WILLIAMS, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:16-CV-2673-K (BF) |
| PACIFIC UNION FINANCIAL, LLC, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Plaintiff Cherry Williams ("Plaintiff") filed her lawsuit in the 95th Judicial District Court of Dallas County, Texas on September 6, 2016 alleging that Defendant Pacific Union Financial, LLC ("Defendant") failed to negotiate in good faith as required pursuant to 12 U.S.C. 2605(e)(2)(3) and 24 C.F.R. 3500.21(e). Pet. 2, ECF No. 5-2. On September 19, 2016, Defendant removed the case to this Court. Not. of Removal, ECF No. 1. On June 30, 2017, Defendant filed its Motion for Summary Judgment [ECF No. 14]. In this motion, Defendant states that: (1) Plaintiff has not served any discovery in this case; (2) Plaintiff has not filed any dispositive motions in this case; (3) despite numerous efforts by Defendant to contact Plaintiff to discuss resolving this case, Plaintiff has refused to cooperate or communicate with Defendant; and (4) Plaintiff has not responded to Defendant's discovery requests, specifically Defendant's Requests for Admissions. Summ. J. Mot. 2, ECF No. 14. Therefore, Defendant argues that Plaintiff is deemed to have admitted facts that leave no genuine issue of material fact. Summ. J. Mot. 2, ECF No. 14. Plaintiff failed to file a response to Defendant's Motion for Summary Judgment and the time to do so has passed.

"A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)." *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (citing *McCullough v. Lynaugh*, 835

F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). The dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880 (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)). Upon consideration of the foregoing, the undersigned respectfully recommends that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute.

**SO RECOMMENDED**, this 8th day of January, 2018.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).